Arnold vs. The State.

---

ARNOLD, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 18 — February 2, 1892.*

*Criminal law and practice: Assistance to district attorney: Witnesses: Remarks of judge.*

1. In a criminal case the defendant objected to an attorney assisting in the prosecution. The court ruled that it could not deny such attorney the privilege of remaining within the bar, and he said he

would sit behind the district attorney. There was no exception to the ruling, and the record does not show that the attorney took any part in the case. *Held*, no error.

2. During the examination of a boy twelve years old as to his understanding of the nature of an oath, the trial judge told him that if he lied "we will send you to Waupun [state prison], and lock you up for some time." *Held*, not a material error.

ERROR to the Municipal Court of *Milwaukee* County.

Plaintiff was convicted in the municipal court of Milwaukee county, in May, 1891, of felonious assault on one Strellman, being armed with a dangerous weapon, to wit, a revolver. He sued out a writ of error upon grounds sufficiently stated in the opinion.

*V. W. Seely*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by the *Attorney General*.

WINSLOW, J. The first objection taken on the trial was to the appearance of Mr. Killilea, an attorney of the Milwaukee bar, and to his assisting the district attorney in the prosecution. The court ruled that he could not deny Mr. Killilea the privilege of remaining within the bar, and Mr. Killilea said he would sit behind the district attorney. No objection was taken to the ruling of the court, and the record does not show that Mr. Killilea took any part in the case, nor even that he was in the court-room during the trial.

The court ruled on defendant's motion that a number of witnesses who saw the transaction in question, but who were evidently favorable to the defense, should be called by the state, and they were so called and examined as witnesses for the state. The plaintiff in error now claims that the district attorney was guilty of improper conduct and language towards those witnesses. It is unnecessary to set forth the alleged improprieties. They are not of sufficient

moment to dignify by repetition. Furthermore, no exception was taken, save in one instance, and that was to a remark utterly trivial. The municipal judge in the course of the examination of a twelve-year-old boy to ascertain his understanding of the character of an oath, told him in substance that if he lied " we will send you to Waupun, and lock you up for some time." No exception was taken to the language, but it is now complained of. The remark was not well advised, but we cannot see how it could be in any way injurious to the defense. No exceptions were taken to the judge's charge, nor were any instructions refused.

It is strenuously urged that justice has not been done, and that the verdict is against the evidence. We have carefully examined the testimony, but shall not attempt to review it here. It is sufficient to say that, while it is conflicting, there is ample evidence to sustain the verdict. We cannot say that justice has not been done.

*By the Court.*— Judgment affirmed.